UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TIFFANY L.,

                     Plaintiff,

v.                                                            1:20-CV-0677
                                                                 (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>6000 North Bailey Ave, Ste. 1A<br>Amherst, NY 14226 | KENNETH HILLER, ESQ.<br>KELLY LAGA-SCIANDRA, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | NAHID SOROOSHYARI, ESQ. |

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 18.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.**     **RELEVANT BACKGROUND**

### A. Factual Background

Plaintiff was born in 1971. (T. 77.) She completed high school. (T. 165.) Generally, Plaintiff's alleged disability consists of bilateral knee surgeries, back pain/arthritis, restless leg syndrome ("RLS"), and chronic bronchitis/asthma. (T. 68.) Her alleged disability onset date is February 14, 2017. (T. 77.) Her past relevant work consists of teacher assistant/nursery school attendant. (T. 17, 165.)

### B. Procedural History

On March 22, 2017, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (T. 77.) Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On January 8, 2019, Plaintiff appeared before the ALJ, Stephan Ball. (T. 29-66.) On January 18, 2019, ALJ Ball issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 7-23.) On April 6, 2020, the AC denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 12-19.) First, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 22, 2017. (T. 12.) Second, the ALJ found Plaintiff had the severe impairments of: asthma, status post left knee total knee replacement, degenerative joint disease of the right knee, fibromyalgia, and obesity. (*Id*.) Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P,

Appendix. 1. (*Id*.) Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform: sedentary work as defined in 20 C.F.R. § 416.967(a) except:

> lifting, carrying, pushing and pulling 10 pounds occasionally and less than 10 pounds frequently. She can stand for two hours and walk for two hours. [She] can climb ramps and stairs occasionally, climb ladders, ropes, or scaffolds occasionally, balance occasionally, stoop occasionally, kneel occasionally, crouch occasionally, and crawl occasionally. [She] can work in dust, odors, fumes and pulmonary irritants occasionally and in vibration occasionally.  She requires a cane for ambulation.

(T. 14.)[1]  Fifth, the ALJ determined Plaintiff unable to perform past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 17-19.)

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff makes two separate arguments in support of her motion for judgment on the pleadings.  First, Plaintiff argues the ALJ's RFC was not supported by substantial evidence.  (Dkt No. 13 at 15-26.)  Second, and lastly, Plaintiff argues the ALJ failed to provide a "full and clear evaluation" of Plaintiff's subjective complaints.  (*Id*. at 27-30.) Plaintiff also filed a reply in which she reiterated her original arguments.  (Dkt. No. 16.)

### B.     Defendant's Arguments

In response, Defendant makes two arguments.  First, Defendant argues the ALJ's decision is supported by substantial evidence.  (Dkt. No. 14 at 7-21.)  Second,

---

[1] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.  20 C.F.R. § 416.967(a).

and lastly, Defendant argues the ALJ reasonably assessed Plaintiff's subjective complaints and testimony. (*Id*. at 21-25.)

## III.    RELEVANT LEGAL STANDARD

### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both

sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

B.     **Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

IV.    **ANALYSIS**

A.     **RFC Determination**

The RFC is an assessment of "the most [Plaintiff] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1)[2]. The ALJ is responsible for assessing Plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what Plaintiff can still do, provided by any medical sources. *Id*. §§ 416.927(d), 416.945(a)(3), 416.946(c). Although the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden is on Plaintiff to demonstrate functional limitations that preclude any substantial gainful activity. *Id*. §§ 416.912(c), 416.927(e)(2), 416.945(a), 416.946(c).

i.)     **RFC Absent Specific Function-by-Function Assessments**

Plaintiff argues, "before an ALJ is permitted to fashion an RFC that indicates a claimant will need highly specific non-exertional limitations, the ALJ must have or obtain medical support." (Dkt. No. 13 at 15-19.) In support of her argument, Plaintiff relies on the holding in *Cosnyka v. Colvin*, 576 F. App'x 43, 45 (2d Cir. 2014). (*Id*.) In her reply, Plaintiff argues, "[w]hile medical opinion is but one piece of evidence and the ALJ can craft an RFC without medical opinion, this is tolerated in cases where the medical records and evidence relied upon by the ALJ offers clear and detailed assessments upon which the ALJ can rely." (Dkt. No. 16 at 3.) As outlined herein, the ALJ, not a

---

[2]   On January 18, 2017, the agency published final rules titled "Revisions to Rules Regarding the Evaluation of Medical Evidence." 82 Fed. Reg. 5844. These final rules were effective as of March 27, 2017. Some of the new final rules state that they apply only to applications/claims filed before March 27, 2017, or only to applications/claims filed on or after March 27, 2017. *See, e.g.*, 20 C.F.R. §§ 404.1527, 416.927 (explaining how an adjudicator considers medical opinions for claims filed before March 27, 2017) and 20 C.F.R. §§ 404.1520c, 416.920c (explaining how an adjudicator considers medical opinions for claims filed on or after March 27, 2017); *see also* Notice of Proposed Rulemaking, 81 Fed. Reg. 62560, 62578 (Sept. 9, 2016) (summarizing proposed implementation process). Here, Plaintiff filed her claim before March 27, 2017. Thus, the 2017 revisions apply to this case, except for those rules that state they apply only to applications/claims filed on or after March 27, 2017.

medical source, is responsible for determining Plaintiff's RFC and here the record as a whole supports the ALJ's RFC determination.

First, an RFC finding "is administrative in nature, not medical, and its determination is within the province of the ALJ, as the Commissioner's regulations make clear." *Curry v. Comm'r Soc. Sec.*, No. 20-1472, -- F. App'x ---, 2021 WL 1942331, *2 n.3 (2d Cir. May 14, 2021); *see* 20 C.F.R. § 416.927(d)(2).  The Second Circuit has held that where, "the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.,* 676 F. App'x 5, 8 (2d Cir. 2017) (internal quotations and citation omitted); *see Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole.").  Here, the ALJ did not draw medical conclusions; instead, and pursuant to his statutory authority, the ALJ considered the medical and other evidence in the record in its totality to reach an RFC determination. *Curry*, 2021 WL 1942331 at *2 n.3.

Second, an RFC determination, even one containing highly specific limitations, is not fatally flawed merely because it was formulated absent a medical opinion or specific limitation. *Cook v. Comm'r of Soc. Sec.,* 818 F. App'x 108, 109-110 (2d Cir. 2020) ("[A]lthough there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence is not required when 'the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional

7

capacity.' . . .  Here, the treatment notes were in line with the ALJ's RFC determinations."); *Corbiere v. Berryhill*, 760 F. App'x 54, 56 (2d Cir. 2019) (affirming the Commissioner's final decision despite the lack of a medical opinion expressly discussing plaintiff's physical limitations and relying on plaintiff's treatment notes to formulate the RFC); *Trepanier v. Comm'r of Soc. Sec.*, 752 F. App'x 75, 79 (2d Cir. 2018) (the ALJ's RFC determination related to plaintiff's lifting requirement, while not directly supported by a medical opinion, was supported by an assessment from which the ALJ could infer that Plaintiff could perform the lifting requirement); *Monroe*, 676 F. App'x at 8 (2d Cir. 2017) ("Where . . . the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity," a medical source statement or formal medical opinion is not necessarily required[.]") (citing *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x. 29, 34 (2d Cir. 2013); *Johnson v. Colvin*, 669 F. App'x 44, 46 (2d Cir. 2016) (the ALJ properly relied on plaintiff's own testimony and a letter from a doctor stating that plaintiff had severe functional limitations, but that he made improvement following surgery to determine that plaintiff could perform light work).  Therefore, a medical opinion containing Plaintiff's specific function limitations, whether provided in a formal medical source statement or contained in medical records, is not required for the ALJ to make an RFC determination.

Third, *Cosnyka* is easily distinguishable from the case at hand.  In *Cosnyka*, the ALJ credited an orthopedic examiner's opinion that the plaintiff would require "regular comfort breaks," which the ALJ translated into a limitation that the claimant would be off-task 10% of the workday which was equivalent to six minutes out of every hour. *Cosnyka*, 576 F. App'x at 46.  The Second Circuit determined remand was appropriate

because nothing in the record, including the medical records and the plaintiff's testimony, supported the ALJ's conclusion, and indeed some evidence was "to the contrary." *Id.* Here, as outlined further below, the ALJ did not improperly translate a medical opinion based on his own surmise. *See Maryjo Y. v. Comm'r of Soc. Sec.*, No. 1:20-CV-0040, 2021 WL 1176018, at *7 (W.D.N.Y. Mar. 29, 2021) (distinguishing the holding in *Cosnyka* where the RFC formulated by the ALJ was supported by plaintiff's daily activities, improvement with treatment, and her own testimony).

### ii.) RFC Determination

Plaintiff argues the ALJ's RFC was not supported by substantial evidence because he relied on the "vague and stale" opinion provided by consultative examiner, David Brauer, M.D. (Dkt. No. 13 at 15-26.) Plaintiff argues the ALJ's RFC failed to account for the "significant changes" due to the development of fibromyalgia and knee surgery and "[w]ithout any logical basis for the limitations, especially regarding whether Plaintiff was capable of performing the required amount of sitting to perform sedentary exertion, the ALJ's RFC is fundamentally flawed." (*Id*.) For the reasons outlined below, the ALJ's RFC determination was proper and based on substantial evidence in the record.

The ALJ is obligated to formulate a plaintiff's RFC based on the record as a whole. *Trepanier v. Comm'r of Soc. Sec. Admin.*, 752 F. App'x 75, 79 (2d Cir. 2018). After considering the record as a whole, including medical opinion evidence, objective evidence, treatment notations, and Plaintiff's testimony, the ALJ appropriately accounted for the physical limitations he found supported by the overall record by limiting Plaintiff to a reduced range of sedentary work. (T. 14.)

9

In formulating Plaintiff's RFC, the ALJ relied on the medical opinion evidence in the record. On May 8, 2017, Dr. Brauer examined Plaintiff, reviewed x-rays, performed a pulmonary function test, and provided a medical source statement. (T. 249-257.) Dr. Brauer opined Plaintiff had a "mild limitation" in her ability to "sit for long periods of time due to chronic knee pain." (T. 252.) He opined Plaintiff had "moderate limitation" in her ability to "stand for long periods of time, walk for long distances, or climb stairs repetitively due to knee pain." (*Id*.) The doctor further opined Plaintiff had a "mild to moderate limitation" in her ability to "push, pull, lift, or carry heavy objects due to low back pain, per [Plaintiff's] history." (*Id*.) He opined Plaintiff had a "marked limitation" in her ability to perform "activities that require full or repetitive squatting, kneeling, or stooping due to low back and knee pain." (T. 253.) Lastly, he opined Plaintiff "should avoid dust, smoke, allergens, or other respiratory irritants due to her history of asthma." (*Id*.)

The ALJ afforded Dr. Brauer's opinion "significant weight." (T. 17.) The ALJ reasoned the opinion was supported by the doctor's examination; however, the ALJ noted his examination was conducted prior to her total knee replacement. (*Id*.) As outlined below, Dr. Brauer's opined limitations were neither too vague nor stale, and overall supported the ALJ's RFC determination for a reduced range of sedentary work.

In general, "medical source opinions that are conclusory, stale, and based on an incomplete medical record may not be substantial evidence to support an ALJ finding." *Camille v. Colvin*, 104 F. Supp. 3d 329, 343 (W.D.N.Y. 2015), *aff'd*, 652 F. App'x 25 (2d Cir. 2016). A medical opinion may be stale if it does not account for a plaintiff's deteriorating condition. *See Carney v. Berryhill*, No. 16-CV-269, 2017 WL 2021529, at

*6 (W.D.N.Y. May 12, 2017).  "However, a medical opinion is not necessarily stale simply based on its age." *Biro v. Comm'r of Soc. Sec.,* 335 F. Supp. 3d 464, 470 (W.D.N.Y. 2018).  Overall, remand is warranted where more recent evidence in the record "directly contradict[s] the older reports of [claimant's] functioning on which the ALJ relied" and the ALJ failed to analyze the more recent evidence.  *Blash v. Comm'r of Soc. Sec. Admin.*, 813 F. App'x 642 (2d Cir. 2020).   Here, subsequently submitted evidence did not directly contradict Dr. Brauer's opined limitations and further the ALJ analyzed the recent evidence of Plaintiff's knee replacement and fibromyalgia, therefore, the doctor's opinion was not impermissibly stale.

Next, Plaintiff asserts Dr. Brauer's assessment of "mild" limitations in her ability to sit "clearly denoted an impact and limitations on Plaintiff's ability to sit."  (Dkt. No. 13 at 17.)  The use of the term "mild" is not impermissibly vague, nor does it prevent Plaintiff from performing sedentary work.  Indeed, the Second Circuit has upheld RFCs where the ALJ relied on opinions making use of similar phrases. *See, e.g.*, *Cook v. Comm'r of Soc. Sec.*, 818 F. App'x 108, 109 (2d Cir. 2020) (upholding a sedentary RFC based on a consultative examination opinion of "moderate limitation for kneeling and squatting"); *White v. Berryhill*, 753 F. App'x 80, 82 (2d Cir. 2019) (upholding a light RFC based on an opinion that the claimant had "moderate limitations" in standing, sitting, and performing other activities); *Lewis v. Colvin*, 548 F. App'x 675, 677 (2d Cir. 2013) ("As a preliminary matter, the ALJ's determination that Lewis could perform 'light work' is supported by Dr. Datta's assessment of "mild limitations for prolonged sitting, standing, and walking.").

Moreover, the use of such terms in an opinion does not render them impermissibly vague where the "examiner conducts a thorough examination and explains the basis for the opinion." *Poole v. Comm'r of Soc. Sec.*, No. 1:18-CV-0267, 2020 WL 4805735, at *5 (W.D.N.Y. Aug. 18, 2020) (quotation marks and citations omitted); *see Mancuso v. Colvin*, No. 12-CV-642, 2013 WL 3324006, at *4 (W.D.N.Y. July 1, 2013) (rejecting the argument that the "mere use of the phrase 'moderate limitations'" rendered a consultative examiner's opinion vague or non-substantial where the opinion was supported by "medical tests and observations"). Therefore, the use of the term "mild" is not too vague to support the ALJ's determination, nor does the term preclude sedentary work.

Although Dr. Brauer conducted his examination and provided an opinion prior to the additional diagnosis of fibromyalgia and Plaintiff's knee surgery, the ALJ discussed these impairments in her decision and there is no evidence in the record directly contradicting the limitations provided by the doctor. *Blash*, 813 F. App'x at 642. Regarding Plaintiff's knee surgery, the ALJ specifically noted the surgery was performed after Dr. Brauer provided his opinion. (T. 17.) The ALJ discussed evidence that Plaintiff was doing well in physical therapy post-surgery, and her range of motion and gait were improving. (T. 16.) The ALJ further relied on evidence that pain medication controlled her pain well and she could bear weight with the assistance of a cane. (*Id.*) Of note, Plaintiff's knee surgery was conducted on November 9, 2018, only two months prior to her January 2019 hearing. (T. 461.) Any limitations noted by providers following Plaintiff's November 2018 surgery were acute in nature and considered by the ALJ.

The ALJ further considered evidence in the record concerning Plaintiff's fibromyalgia. (T. 16.) The ALJ considered Plaintiff's statements to providers of body aches. (*Id*.) The ALJ further considered Plaintiff's statements to providers that medication helped decrease her pain. (*Id*.) Plaintiff's provider observed 18 positive tender points, no joint swelling, and intact range of motion. (T. 552.) The provider noted "strong suspicion of fibromyalgia but due to her nonspecific joint pain and myalgias" he wanted additional lab work done. (T. 552.) At a follow up appointment in June 2018, the provider noted Plaintiff's lab work was "normal" and diagnosed her with fibromyalgia. (T. 549.) Plaintiff was prescribed medication (T. 549); however, she did not take it (T. 547). Plaintiff did start medication eventually and reported to her provider in August 2018 that she "noticed a huge difference," her body pain "decreased," and she felt "less anxious and irritable." (T. 542.) In sum, Dr. Brauer's opinion was not impermissibly vague or stale, his assessment was supported by his examination and the evidence submitted after Dr. Brauer's examination did not directly contradict his assessment and the ALJ discussed the subsequently submitted evidence.

Plaintiff further argues, due to her knee surgery and fibromyalgia, the ALJ should have recontacted a treating provider, obtained medical expert testimony, or ordered a new consultative examination. (Dkt. No. 13 at 18-19.) Plaintiff's argument is without merit. An ALJ does not need to develop the record or seek further opinion evidence when evidence in the record is "adequate for [the ALJ] to make a determination as to disability." *Janes v. Berryhill*, 710 F. App'x 33, 34 (2d Cir. 2018) (citing *Perez*, 77 F.3d at 48). Here, the record was complete and the ALJ had sufficient information to formulate an RFC.

13

In addition to Dr. Brauer's opinion, the record contained the opinion of a non-examining State agency medical consultant, Dr. Feldman. Dr. Feldman opined Plaintiff could perform medium work. (T. 72-73.) The ALJ afforded the doctor's opinion "some weight," reasoning it was provided prior to Plaintiff's knee replacement surgery and her need for a cane. (T. 17.) Objective evidence further supported the ALJ's RFC determination. The ALJ considered evidence in the record of Plaintiff's bilateral knee pain. (T. 15-16.) The ALJ considered objective observations of limited range of motion, pain with movement, crepitus and effusion. (T. 15-16.) The ALJ further considered Plaintiff's use of a cane for ambulation. (*Id*.) The ALJ discussed Plaintiff's treatment including surgeries. (T. 16.) The ALJ considered evidence of treatment for fibromyalgia, asthma, and obesity as a contributing factor. (T. 16-17.)

Ultimately, it is Plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ. *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018). The ALJ reasonably concluded that Plaintiff failed to meet her burden in this case. In formulating the RFC assessment, the ALJ considered the objective medical evidence, treatment history, allegations, and the opinions of non-treating physicians. As such, the RFC assessment in this case is consistent with the record as a whole and is supported by substantial evidence.

### B.   Plaintiff's Subjective Complaints

Plaintiff argues the ALJ erred in her evaluation of Plaintiff's subjective complaints because she failed to provide or explain the basis for finding her complaints not supported by the objective medical evidence and offered no "specific references or evidence to support" his determination. (Dkt. No. 13 at 27-30.)

The ALJ must employ a two-step analysis to evaluate the claimant's reported symptoms.  *See* 20 C.F.R. § 416.929.  First, the ALJ must determine whether, based on the objective medical evidence, a plaintiff's medical impairments "could reasonably be expected to produce the pain or other symptoms alleged.  *Id*. § 416.929(a).  Second, if the medical evidence establishes the existence of such impairments, the ALJ must evaluate the intensity, persistence, and limiting effects of those symptoms to determine the extent to which the symptoms limit the claimant's ability to do work.  *See id.*

At this second step, the ALJ must consider: (1) the plaintiff's daily activities; (2) the location, duration, frequency, and intensity of the plaintiff's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the plaintiff takes or has taken to relieve his pain or other symptoms; (5) other treatment the plaintiff receives or has received to relieve her pain or other symptoms; (6) any measures that the plaintiff takes or has taken to relieve her pain or other symptoms; and (7) any other factors concerning plaintiff's functional limitations and restrictions due to her pain or other symptoms.  20 C.F.R. § 416.929(c)(3)(i)-(vii).

Here, the ALJ accurately outlined Plaintiff's subjective complaints and testimony.  (T. 14.)  The ALJ noted Plaintiff's allegations, such as difficulty standing and sitting, need for a cane, knee swelling, and leg tingling.  (*Id*.)  The ALJ explained the objective evidence did not support the degree of functional limitations alleged by Plaintiff, and in support of his determination the ALJ detailed Plaintiff's objective treatment history, including a review of Plaintiff's examinations, treatment notes, and objective imaging.  (T. 15-17.)

Next, the ALJ reasonably described Plaintiff's treatment. (T. 15-17.) The ALJ considered, for example, Plaintiff reported improvement shortly after beginning her fibromyalgia medication. (T. 16.) Moreover, the ALJ described Plaintiff's need for knee surgery, but reasonably noted Plaintiff recovered well. (*Id.*) Indeed, during physical therapy following her surgery, Plaintiff reported she was doing well and had improved range of motion and an improved gait with use of a cane. (T. 643, 646, 653.) Plaintiff reported similar findings to a provider in December 2018. (T. 535.) The ALJ also reasonably described Plaintiff's own testimony that she had improvement following surgery. (T. 14.) Therefore, the ALJ properly assessed Plaintiff's subjective complaints and his determination was supported by substantial evidence.

Although Plaintiff offers evidence in the record which she argues supports her assertions, it is not enough for Plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support her position. Substantial evidence "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record. *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012); *see also Wojciechowski v. Colvin,* 967 F.Supp.2d 602, 605 (N.D.N.Y. 2013) (Commissioner's findings must be sustained if supported by substantial evidence even if substantial evidence supported the plaintiff's position); *see also Jones v. Sullivan,* 949 F.2d 57, 59 (2d Cir. 1991) (reviewing courts must afford the Commissioner's

determination considerable deference and cannot substitute own judgment even if it might justifiably have reached a different result upon a *de novo* review).

The ALJ has the duty to evaluate conflicts in the evidence. *See* 20 C.F.R. § 404.1567(c)(i); *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 7 (2d Cir. 2017) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve.") (quoting *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)). Plaintiff may disagree with the ALJ's conclusion; however, the Court must "defer to the Commissioner's resolution of conflicting evidence" and reject the ALJ's findings "only if a reasonable factfinder would have to conclude otherwise." *Morris v. Berryhill*, 721 F. App'x 29 (2d Cir. 2018) (internal citations and quotations omitted); *Krull v. Colvin*, 669 F. App'x 31 (2d Cir. 2016) (the deferential standard of review prevents a court from reweighing evidence). As long as substantial record evidence supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision. *See Davila-Marrero v. Apfel*, 4 F. App'x 45, 46 (2d Cir. 2001) (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)). As the Supreme Court stated, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek,* 139 S. Ct. at 1154.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is **<u>DENIED</u>**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **<u>GRANTED</u>**; and it is further

**ORDERED** that Defendant's unfavorable determination is **<u>AFFIRMED</u>**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:       July 26, 2021

_____
William B. Mitchell Carter
U.S. Magistrate Judge